[Crim. No. 13144.   Second Dist., Div. One.   Sept. 8, 1967.]

THE PEOPLE, Plaintiff and Respondent, v. ALFREDO R. BRYAN, JR., Defendant and Appellant.

Dale C. Reid, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Raymond M. Momboisse and David R. Pigott, Deputy Attorneys General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of possessing marijuana for sale.

In an information filed in Los Angeles on July 29, 1966, defendant was charged with possessing marijuana for sale on July 10, 1966. It was further charged that defendant previously had been convicted in the federal court system of a violation of the narcotics laws in 1959 and had served a term therefor in a federal prison. Defendant pleaded not guilty and denied the charged prior conviction. In a nonjury trial defendant was found guilty as charged and the charged prior conviction was found to be true. Defendant was sentenced to the state prison. A timely notice of appeal was filed.

On or about July 10, 1966, Deputy Sheriffs Penland, Velasquez, Kennerly and Alvarez went to an address on East Whittier Boulevard. Upon arriving at the house, in the rear of a pool hall, the officers knocked on a door. Defendant answered the door knock and the deputies identified themselves. Defendant said, "Come in. Don't stand out on the porch." The deputies entered a combination dining-room-kitchen. Mrs. Bryan and a child were in the room as was defendant. Velasquez stated to Mrs. Bryan that he would like to talk to her and she nodded in the affirmative and said "Okay." Mrs. Bryan then walked into an adjoining bedroom. Velasquez and Penland followed her into the room. Penland stated that they had been informed that there was marijuana in the house and asked whether she minded if they looked around. She replied, "No." As the officers were talking to Mrs. Bryan, Penland saw in plain sight on a piece of paper on top of the dresser some loose pieces of what appeared to be marijuana. Defendant was arrested. The officers then looked in the dresser and found a paper container with some cigarette papers, two hand-rolled marijuana cigarettes, a small screwdriver such as is sometimes used to tuck in the ends of rolled marijuana cigarettes, and a separate container of about a half-pound of marijuana. Upon being placed under arrest defendant was fully advised of his constitutional rights.

The officers stated to defendant that sometimes it was the practice to take everyone in the house into custody to which defendant made no reply. As the officers were walking out of

the house with defendant he freely and voluntarily stated, not in response to any question, "[a]ll of the stuff in the house is mine. I don't want my wife and children to become involved." At the time the statement was made the wife and children were in the house and none of them had been placed under arrest.

Defendant was searched at the police station and in a shirt pocket marijuana debris was found.

Defendant at the trial attempted to assert lack of consent for the officers' entry into the house, and, through the testimony of his wife, that the marijuana belonged to her and not to him. The wife further testified that defendant was on parole from Leavenworth federal prison and that he had been out of prison a matter of a few months. The judge commented to counsel for defendant during argument after the evidence was all in to the effect that he did not believe Mrs. Bryan.

Appellant now asserts that any confession made by him was coerced and not voluntary and that the locating of the marijuana was the result of an unreasonable search and seizure. There is no merit to appellant's contentions.

The record shows clearly in this case that when the officers were explaining that on occasions when narcotics were found in a room in a house it was sometimes necessary to take both husband and wife into custody there was no admission by defendant that the marijuana was his exclusively. The admission by appellant was made after he had been arrested and was outside of the house and while the wife and children were inside the house. The wife and the children were not taken into custody at that time and there was no indication that any of them would be taken into custody. The admission by appellant was a voluntary statement exonerating his family

In *People* v. *Trout,* 54 Cal.2d 576 [6 Cal.Rptr. 759, 354 P.2d 231, 80 A.L.R.2d 1418], *People* v. *Rand,* 202 Cal.App.2d 668 [21 Cal.Rptr. 89] and *People* v. *Mellus,* 134 Cal.App. 219 [25 P.2d 237], upon which appellant relies, there were direct threats or inducements. In the case at bar there was no threat—at most, a simple statement of fact by the police to the effect that where there was no way of establishing specific ownership all persons ordinarily would be arrested and if minor children were involved they would be placed in juvenile hall under proper supervision. " 'The fact, alone, that the principal motive for a confession is that it will probably result in the exoneration of another person who is suspected

234

of complicity in the offense does not render the confession involuntary.' '' *People* v. *Montano,* 184 Cal.App.2d 199, 210 [7 Cal.Rptr. 307].)

An experienced and learned trial judge heard the evidence in this case and he determined from the evidence that the admission was free and voluntary and not coerced. That finding should not be disturbed on appeal unless there was a clear abuse of discretion. There was no abuse of discretion. (*People* v. *Huber,* 225 Cal.App.2d 536, 543-544 [37 Cal.Rptr. 512]; *People* v. *Abbott,* 156 Cal.App.2d 601, 606 [319 P.2d 664].)

Appellant further asserts that he did not give any consent for the officers to enter the bedroom. Mrs. Bryan gave consent and, in effect, motioned the officers into the bedroom and there one of the officers saw in plain sight a part of the contraband narcotics. ''. . . a search is not unreasonable if made with the consent of a co-occupant of the premises who, by virtue of his relationship or other factors, the officers reasonably and in good faith believe has authority to consent to their entry.'' (*People* v. *Smith,* 63 Cal.2d 779, 799 [48 Cal.Rptr. 382. 409 P.2d 222].) A valid consent can be given by the wife of a suspect. Appellant made no objections to his wife's going with the officers into the bedroom. Nothing which was done by the officers in this case was unreasonable under the circumstances.

The search which ensued following the sighting of marijuana on top of the dresser in plain sight was substantially contemporaneous with the arrest and the contraband seized was properly introduced into evidence. (*People* v. *Cockrell,* 63 Cal.2d 659, 666 [47 Cal.Rptr. 788, 408 P.2d 116].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied September 29, 1967, and appellant's petition for a hearing by the Supreme Court was denied November 1, 1967.